[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION OF JUDGEMENT FOR STRICT FORECLOSURE
The plaintiffs, Carlos Ortiz and Maria A. Ortiz, seek a judgment of strict foreclosure. They have named as the only defendants in this lawsuit Union Mortgage Co., Inc. and Urological ;Assoc.(sic) of Bridgeport, P.C. The two defendants have been defaulted for failure to appear. The plaintiffs now move for judgment.
Union has an interest in the plaintiffs' property by virtue of a mortgage that was granted to Union by April C. Smalls, who was a prior owner of the property. Urological Associates has an interest in the property by virtue of a judgment lien that was filed against the property when it was owned by April C. Smalls. These two defendants were omitted from a foreclosure suit that was brought by The Dime Savings Bank of New York, FSB.[1] After Dime Savings obtained title to the property by way of a judgment of strict foreclosure, it sold the property to the plaintiffs.
Plaintiffs Carlos and Maria Ortiz state in their complaint that they seek foreclosure pursuant to General Statutes § 49-30. "Query as to whether § 49-30 creates a cause of action or whether it merely declares the rights of the parties vis-a-vis the omitted encumbrancers and prescribes who must be party to any action brought to cure the defect of omitting an encumbrancer." FederalDeposit Ins. Corp. v. Bombero, 37 Conn. App. 764, 766, f.n. 2 (1995). "Section 49-30 provides in part that the "omission . . . to properly foreclose [a] party . . . may be completely cured and cleared by deed or foreclosure or other proper legal proceedings to which the only necessary parties shall be the party acquiring such foreclosure title, or his successor in title, and the party . . . thus not foreclosed. . . ." Id. at 769. This may be a situation where one of the "other legal proceedings" referred to in the statute should be brought. Nevertheless, since the defendants have defaulted in appearance, the court will consider entering a judgment of strict foreclosure.
The plaintiffs are directed to draft a proposed judgment file, CT Page 9929 which should set forth the sequence for the law days, the amount a defendant needs to pay in order to "redeem" the property, how the amount is set by the court, the party to whom the sum is to be paid, and the party in whom title vests should the defendants fail to redeem. Because no evidence was presented on any of these issues, another hearing may be necessary. Upon review of the proposed judgment file, the court will decide whether a judgment of strict foreclosure should enter.
THIM, JUDGE